JOHN A. KNOWER & another *vs.* EPHRAIM WESSON.

The *Sts.* of 1840, *c.* 84, and 1841, *c.* 20, which provide, that "where the fact of marriage is required or offered to be proved, evidence of general repute, cohabitation as married persons, or any other circumstantial or presumptive evidence, from which the fact may be inferred, shall be competent evidence for consideration," do not require that the evidence should come from the members or connexions of the family of the parties whose marriage is in question : It may come from any person who knows the circumstances.

WRIT OF ENTRY, to recover possession of a parcel of land in Worcester. At the trial before *Dewey*, J. the demandants claimed title to the demanded premises through John Knower, who acquired the same by a deed made to him by Benjamin Jepson and others, bearing date January 4th 1782. It appeared that said John Knower entered upon said premises under said deed, and occupied them ; and no question was made as to his title thereto.

The demandants alleged that said John Knower had a son, John Knower, jr., who was his only heir at law ; that his said son died in the year 1812, leaving the demandants his only children, and entitled, as such, to inherit the estate of the said John Knower, sen., who died in the year 1817.

The tenant denied that said John Knower, jr. was ever lawfully married, and also denied that the demandants were his lawful heirs. There was no direct evidence of the actual marriage of John Knower, jr., either by the testimony of witnesses or by record. The demandants proposed, by virtue of *Sts* 1840, *c.* 84, and 1841, *c.* 20, to prove such marriage by evidence of general reputation, by cohabitation of the parties as married persons, and by circumstantial evidence, from which the jury might infer the fact of marriage. The admission of such evidence from any other source than members of the family of said John, was objected to by the tenant ; but the objection was overruled, and the evidence of other persons admitted.

A verdict was returned for the demandants. New trial to be ordered, if the evidence objected to was erroneously

admitted ; otherwise, judgment to be rendered on the **verdict.**

*Bridges,* for the tenant, cited 1 Greenl. on Ev. $ 107. *Evans* v. *Morgan,* 2 Tyrw. 396, and 2 Crompt. & Jerv. 453. 1 Phil. Ev. (8th ed.) 206.

*Newton,* for the demandants, cited *Jackson* v. *Claw,* 3 Johns. 346. *Senser* v. *Bower,* 1 Pennsyl. 450.

SHAW, C. J. If there were any doubt of the admissibility of the evidence objected to, at common law, the objection is wholly removed by *St.* 1840, *c.* 84, and *St.* 1841, *c.* 20. By the former, the admission of this evidence was limited to cases of divorce ; by the latter, it was extended to " all cases where it shall become necessary to prove the fact of marriage." The evidence, thus declared competent, is that of " general repute, or of cohabitation as married persons, or any other circumstantial or presumptive evidence, from which said fact [of marriage] may be inferred." Such was the evidence offered, objected to, and admitted. There is no intimation in the statute that the testimony must come from members or connexions of the family. It may come from any one who knows the circumstances.

*Judgment on the verdict for the demandants*